## CARRABY v. HIS CREDITORS.

Where a testator directs that a sum of money shall be placed in the hands of a certain person, to be invested by him in real estate or loaned at interest, as he may deem best, the rent or interest thereupon to be paid monthly to a third person during the life of the latter; and the person by whom the investment was to be made purchases at probate sale of the succession of the testator a large amount of property, giving to the executor in part payment of price, his receipt for the sum so to be invested; but the purchaser never invests the sum as directed by the will, and some years after makes a *cessio bonorum*, including the property purchased from the succession; on an opposition by the legatee to a tableau presented by the syndics of the insolvent: *Held*, That he has no legal mortgage on the real estate purchased by the insolvent from the succession of the testator, to secure the principal or interest of his legacy; that the legacy has been discharged, so far as the heirs could do it; that art. 1626 of the Civil Code applies only where the heirs refuse to discharge a legacy; that the opponent has only an ordinary claim against the insolvent, for whose acts ar omissions the heirs of the testator cannot be made responsible.

APPEAL from the Third District Court of New Orleans, *Kennedy* J.

*Lewis* and *Bermudez*, for the appellant, cited, C. C. 1623, 1624, 1626,

CARRABY
*v.*
CREDITORS.

1627. Code Nap, 1017. Rogron's Comm. on that art. Dict. du Droit, *verbo* Legs. no. 161, p. 375. 5 Toullier, nos. 567, 568, and *note* (1).

*Seghers,* for the executor, *contrá.*

The judgment of the court was pronounced by

Rost, J. The late *Antoine Carraby* ordered by his will a sum of $10,000 to be raised out of his property, and placed in the hands of his brother *Etienne Carraby,* to be invested in real estate, or loaned at interest, as *Etienne Carraby,* might deem best, the rent accruing therefrom to be paid monthly by him to *Arnaud Carraby* during his lifetime. After the death of the testator, the property left by him was sold at probate sale, and *Etienne Carraby* purchased a large portion of it, and gave to the executor of his brother, in part payment thereof, his receipt for the aforesaid sum of $10,000. He never invested this sum as directed by the will, and, several years after receiving it, he made a *cessio bonorum,* including the property purchased from the succession of *Atoine Carraby,* and it was sold by his syndics.

*Arnaud Carraby* has opposed the tableau filed by the syndics, and contends, that he has a legal mortgage on all the real estate purchased by the insolvent at the probate sale of *Antoine Carraby's* succession, to secure the principal of his legacy and the legal interest thereon from the date of his receipt to the executor as part of the price he bid for the property, until the principal and interest shall be paid, and the former reinvested for the use of the legatee under the the will; and that this mortgage takes precedence of the vendor's privilege which the heirs of *Antoine Carraby* have on the same property, and for which they have been placed on the tableau. The opposition was dismissed in the court below, without prejudice to the rights of *Arnaud Carraby* as an ordinary creditor, and he has appealed.

There is no error in the judgment. Art. 1626 of the Civil Code, giving a mortgage to the legatee, applies to cases in which the heirs refuse to discharge the legacy. In this case the legacy has been discharged, so far as the heirs could discharge it. It has been placed in the hands of the person appointed by the testator to receive it, and the heirs are not responsible for the acts or omissions of that person.

The will expressly provides that *Etienne Carraby* shall incur no responsibility whatever by taking charge of this bequest, and, before his failure, the opponent had only a personal action against him. His claim now, if he has any, is an ordinary claim.     *Judgment affirmed.*